UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| UNITED NATIONS on behalf of the INDEPENDENT INQUIRY COMMITTEE INTO THE UNITED NATIONS OIL-FOR-FOOD PROGRAM, | : : : : : | | |
| Plaintiff, | : : | Civil Action No.: | 05-0917 (RMU) |
| v. | : : | Document No.: | 13 |
| ROBERT H. PARTON, | : : : | | |
| Defendant. | : | | |

**GRANTING THE PLAINTIFF'S EMERGENCY MOTION**

On May 9, 2005, the United Nations ("UN"), acting on behalf of the Independent Inquiry Committee into the United Nations Oil-for-Food Program ("IIC"), requested emergency injunctive relief to prevent former IIC investigator, Robert H. Parton, from responding to congressional subpoenas requiring testimony and the production of documents that Parton allegedly took from the UN. The parties reached a compromise that day and consented to the court entering an order enjoining the defendant from disclosing information that he obtained in the course of his work for the IIC.[1]

Hovering over this case is a political storm the court would rather not enter, a precarious competition by various committees, congressional and otherwise, to figure out exactly what happened at the UN's controversial Oil-for-Food Program. *See generally* Pl.'s Mot. for T.R.O.,

---

[1] The order, which makes no finding one way or the other as to any of the elements for injunctive relief, remains in effect until the close of business on May 19, 2005. Order (May 9, 2005). Although the order does not apply to "members of Congress and their staffs in their own official capacity," *id.*, representatives from the House General Counsel's Office and the Senate Permanent Subcommittee on Investigations stated on the record at the hearing that, at least until May 19, the congressional committees that issued the subpoenas in this case would agree to continue to negotiate a resolution short of enforcing the subpoenas, Tr. (May 9, 2005) at 12-13.

Dockets.Justia.com

Decl. of Susan M. Ringler ¶¶ 4-16 (discussing efforts to investigate allegations of impropriety at the Oil-for Food Program).

The politics of the moment notwithstanding, the court must now address the plaintiff's emergency motion to modify the temporary restraining order to allow the plaintiff access to and inspection of the materials that the defendant allegedly took from the UN and provided to the House International Relations Committee ("HIRC").[2] Pl.'s Emergency Mot. ("Pl.'s Mot.") at 1. Such a request would typically resolve itself through discovery,[3] but the plaintiff wants this relief immediately so that it can see exactly what the defendant has taken from the plaintiff and, more importantly, whether the plaintiff needs to notify confidential informants, "including residents of a highly volatile part of the world," that their identities may be revealed. *Id.*

As authority for its request, the plaintiff cites to the court's equitable powers "to do what is necessary and appropriate to achieve justice in the individual case." *Id.* at 3 (quoting *Friends for All Children, Inc. v. Lockheed Aircraft Corp.*, 746 F.2d 816, 830 (D.C. Cir. 1984)). The defendant responds that the materials at issue do not contain information that jeopardizes the safety of any sources (and thus, that the plaintiff will suffer no harm if the court denies the relief

---

[2] The defendant maintains that he has only provided materials to the HIRC and to his lawyer. Def.'s Opp'n at 4. The court takes this to mean, at the very least, that a copy of the documents exists at the office of defense counsel and at the Ford House Office Building. *See id.*, Ex. A (Agreement Between the HIRC and Robert Parton) (noting that Mr. Parton and his counsel will provide the HIRC with redacted and unredacted versions of the materials and elaborating procedures for insuring the protection of sensitive information). As the plaintiff points out, however, it has no way of knowing that "*all* material in Mr. Parton's possession relating in any way to the IIC's work is currently in the possession of the HIRC and that the HIRC has unredacted copies of all such material." Pl.'s Reply at 4 (emphasis in original).

[3] Or, perhaps, through a motion for expedited discovery. *See, e.g.*, *In re Fannie Mae Derivative Litigation*, 2005 WL 433271, * 1 (D.D.C. Feb. 23, 2005) (discussing two standards for resolving requests for expedited discovery).

the plaintiff requests), that the HIRC (to whom the plaintiff provided a copy of the materials) has agreed to protect all sensitive information, and that the plaintiff is attempting "to gather discovery without following the rules or any order of this court." Def.'s Opp'n at 4-5, 7.

As to the defendant's first two arguments, the court finds instructive the plaintiff's comment that

> [i]t is simply not enough to say, "don't worry, the investigator who falsely told the IIC that he was not removing confidential material, who breached his confidentiality agreement, who took no steps to inform the IIC of the HIRC's subpoenas, and who negotiated an agreement with the HIRC that fully protects his interests (but not the IIC's), has assured us that we need not be concerned."

Pl.'s Reply at 3. Without taking a position on those assertions, the court believes that the UN is indeed the party best suited to provide assurances to the international community and to the sources in its investigations. Whatever the defendant and his counsel may be able to declare in an affidavit or state in an agreement with a third party, such gestures are inadequate substitutes for the thorough review of the materials that the plaintiff needs to conduct to determine how best to proceed. The court takes very seriously the plaintiff's claim that the lives and safety of certain IIC witnesses may be at risk, *e.g.*, Pl.'s Mot. for T.R.O. at 3, and there is no time left for the parties to work out an arrangement with the HIRC for viewing the HIRC's copies of the documents,[4] assuming that such a review would even suffice, *see* Pl.'s Reply at 4.

Finally, with regard to the defendant's argument that the plaintiff is sidestepping discovery, the court acknowledges that the plaintiff's request is unusual. But the facts of this

---

[4] *See generally* Def.'s Opp'n at 5 (noting that the HIRC "has advised the IIC that it will permit the IIC to inspect the materials turned over by Mr. Parton in response to the Subpoena"); *id.*, Ex. B (Joshua Galper Decl.) (stating that "[m]y understanding is that the [HIRC] has advised the IIC that it intends to make arrangements to provide the IIC access to the materials provided to it by Mr. Parton"); *see also* Pl.'s Reply at 8-9 (pointing to the tentative nature of such assurances).

rapidly evolving case are quite unusual, and the court has yet to see any reason to delay providing the relief the plaintiff seeks. The court continues to hope that the parties informally and efficiently resolve this case without further judicial intervention.[5] As to the instant motion, however, it is this 16th day of May, 2005,

**ORDERED** that, by no later than 12:00 p.m. on Tuesday, May 16, 2005, the defendant shall provide the plaintiff the opportunity to inspect and copy all materials that the defendant allegedly copied, removed or otherwise (directly or indirectly) obtained from the IIC; and it is

**FURTHER ORDERED** that the temporary restraining order in this case is modified to allow for the above inspection and copying.

**SO ORDERED**.

RICARDO M. URBINA
United States District Judge

---

[5] In the interest of fairness, to the extent that expedited discovery burdens the defendant, the court is willing to entertain a motion from the defendant seeking an equally burdensome effort from the plaintiff, provided that request has the same legitimate sense of urgency as the request now before the court. The plaintiff has suggested that it "would not object to including a provision in the Court's order specifying that the IIC may not introduce into evidence any documents it obtains through this process without independently obtaining the material through discovery or otherwise." Pl.'s Reply at 3. If the defendant wishes the court to include such a provision in today's order, the court will do so retroactively on the defendant's motion.